United States District Court
Southern District of Texas
**ENTERED**
October 03, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| CARLOS OMAR MARTINEZ RIVERA (TDCJ #01376055)<br>    Petitioner,<br><br>v.<br><br>LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION<br>    Respondent. | §§§§§§§§§§§§ | MISC. ACTION NO. 7:19-mc-01581-01 |

## REPORT & RECOMMENDATION

Petitioner, a state prisoner proceeding pro se, has filed a "Stay and Abeyance Motion," where, it appears, he is requesting this Court to stay his habeas claims while he exhausts them with the State of Texas. Petitioner failed to pay the filing fee required to proceed with a civil action at the time he filed his motion. On August 21, 2019, the undersigned ordered Petitioner to file his habeas claims in the form of a 28 U.S.C. § 2254 petition and either pay the filing fee or apply to proceed in forma pauperis. (Dkt. No. 2.) Petitioner responded by filing a § 2254 petition (Dkt. No. 5), an application to proceed in forma pauperis (Dkt. No. 4), and a motion to compel Texas Department of Criminal Justice (TDCJ) officials to release Movant's trust fund account statement (Dkt. No. 3).

Upon screening the motion to stay and the § 2254 petition according to 28 U.S.C. § 1915A, the undersigned finds that this action is frivolous because Petitioner has failed to exhaust his State remedies and has not presented good cause to stay his § 2254 petition. Therefore, Petitioner's §2254 petition should be dismissed without prejudice.

1

## BACKGROUND

On April 24, 2006, Petitioner was convicted of murder in the 229th District Court of Starr County, Texas. (Dkt. No. 5 at 2); *Martinez Rivera v. State*, No. 04-18-00328-CR, 2019 WL 2110667, at *1 (Tex. App. May 15, 2019). Petitioner was sentenced to 50 years in prison. *Martinez Rivera*, 2019 WL 2110667, at *1. Several years later, Petitioner filed a state application for a writ of habeas corpus and was granted the right to file an out of time appeal after the trial court determined that Petitioner, through no fault of his own, was denied the right to appeal. *Id.* at *2. Petitioner then appealed his conviction and on May 15, 2019, the Fourth Court of Appeals of Texas affirmed the trial court's judgment. *Id.* at *5.

On August 19, 2019, Petitioner initiated the pending miscellaneous action. (Dkt. No. 1.) Petitioner asks the Court to stay his § 2254 petition while he exhausts his claims as required by 28 U.S.C. § 2254(b)(1). (*Id.* at 3-4.) However, and as noted in the Court's August 21, 2019 order, Petitioner did not have a pending § 2254 petition. (*See* Dkt. No. 2 at 1.) Petitioner then responded to the Court's order by filing a § 2254 petition that presented several grounds for relief. (Dkt. No. 5 at 6-7.) The undersigned finds that the grounds presented by Petitioner are as follows:

(1) prosecutorial misconduct at trial when the State was allowed to give its personal opinion as to Petitioner's guilt thereby denying Petitioner of his due process rights (*id.* at 6);

(2) ineffective assistance of counsel when trial counsel failed to object with specificity to the State's opinion testimony at issue in ground one (*id.*);

(3) ineffective assistance of counsel when trial counsel failed to properly investigate Petitioner's case, explain the government's evidence to Petitioner and explain the criminal justice process to Petitioner prior to Petitioner pleading not guilty and proceeding to trial, in consideration that Petitioner does not speak English and is not a citizen of the United States (*id.* at 7);

(4) ineffective assistance of counsel when trial counsel failed to present mitigating evidence prior to sentencing (*id.* at 6);

2

(5) ineffective assistance of counsel for failing to request a sudden passion jury instruction (*id.*); and

(6) multiple errors by the trial court including error by permitting the district attorney to testify as to Petitioner's guilt and error by not giving a sudden passion instruction to the jury (*id.* at 6-7).

Critical to the undersigned's recommendation is Petitioner's claim that this is the first time he has presented the aforementioned claims for review and has not exhausted the claims by way of a state habeas petition. (*Id.* at 8.)

Alongside the § 2254 petition, Petitioner also filed an application to proceed in forma pauperis (Dkt. No 4) and a motion to compel TDCJ officials to release Petitioner's trust fund account statement (Dkt. No. 3). In the motion to compel, Petitioner claims that he is currently in some form of solitary confinement in state prison and attempts to obtain his trust fund account statement from the law library have been unsuccessful. (Dkt. No. 3 at 2.)

## ANALYSIS

Section 1915A of title 28 states that a "court shall review, before docketing, . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Further, "[o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b). A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* A complaint fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *see also* 28 U.S.C. § 2254(b)(1). The exhaustion requirement "is grounded in principles of comity and reflects a desire to 'protect the state courts' role in the enforcement of federal law.'" *Castille v. Peoples*, 489 U.S. 346, 349 (1989) (citations omitted). A petitioner must "'fairly presen[t]' federal claims to the state courts in order to give the State the 'opportunity to pass upon and correct' alleged violation of its prisoners' federal rights.'" *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971) (some internal quotation marks omitted)). Courts have found the failure to exhaust claims presentable in a § 2254 petition as the basis for dismissal per 28 U.S.C. § 1915A. *See Hilburn v. Nelms*, No. 3:03-CV-1240-H, 2003 WL 21529366, at *1-2 (N.D. Tex. Jul. 1, 2003); *Roberson v. Matz*, No. 3:06-CV-1570-L, 2007 WL 172249, at *2-3 (N.D. Tex. Jan. 23, 2007); *Harris v. Saleme*, Civil Action No. 15-437, 2015 WL 3902335, at *2-3 (W.D. La. Jun. 24, 2015).

However, Petitioner claims that the Court should stay his petition according to *Rhines v. Weber*, 544 U.S. 269 (2005). (Dkt. No. 1 at 3.) According to Petitioner, when a mixed petition is presented to the Court, that is a § 2254 petition that contains both exhausted and unexhausted claims, then a "Catch 22 [t]rap" is created when a stay is not granted because "[i]t will very likely take more than whatever time remains of that one-year [statute of limitations] to go back to state court and complete exhaustion." (*Id.*) Due to this, Petitioner claims that his own mixed petition must be stayed. (*Id.* at 5.)

Petitioner is correct in the definition of a mixed petition. The Supreme Court has defined a "mixed" petition as one that contains "some claims that have been exhausted in the state courts and some that have not." *Rhines*, 544 U.S. at 271. The noted issue with mixed petitions is that "the filing of a petition for habeas corpus in federal court does not toll the statute of limitations," therefore, "[i]f a petitioner files a timely but mixed petition in a federal district court, and the district court dismisses it [for not being fully exhausted] after the limitations period has expired, this will likely mean the termination of any federal review." *Id.* at 274-75. To combat this, the Supreme Court outlined the "limited circumstances" that would make a stay and abeyance proper.[1] *Id.* at 277. These circumstances are "when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." *Id.* (citing 28 U.S.C. § 2254(b)(2)). Alternatively, the Court stated that "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.[2]

Nevertheless, Petitioner overlooks two crucial details. First, it is apparent that Petitioner's § 2254 petition is not "mixed" but instead wholly unexhausted. In the § 2254 petition, Petitioner

---

[1] Generally, staying a habeas matter would go against the purpose of the Antiterrorism and Effective Death Penalty Act (AEDPA) which is to "'reduce delays in the execution of state and federal criminal sentences, particularly in capital cases.'" *Rhines*, 544 U.S. at 276 (quoting *Woodford v. Garceau*, 538 U.S. 202, 206 (2003)).
[2] In *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005), the Supreme Court suggested that a district court's power to grant a discretionary stay is not limited only to mixed petitions. *Pace* concerned whether a non-mixed state habeas petition was timely filed. The Court stated that the petitioner could have filed "a 'protective' petition in federal court asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." *Pace*, 544 U.S. at 416. The inference taken from *Pace*, that a petition need not be mixed to potentially warrant a stay, does not change the undersigned's analysis, as will be shown.

sets forth that he has not filed a petition for discretionary review (Dkt. No. 5 at 3) nor has he filed any other applications for a writ of habeas corpus besides the one currently before this Court (*id.* at 3-4).[3] Though it appears that Petitioner presented a number of his claims to the Fourth Court of Appeals on direct review, this is not considered exhaustion for purposes of 28 U.S.C. § 2254(b)(1). *See Martinez Rivera*, 2019 WL 2110667, at *3, *7 (deciding claims that the prosecutor stated his personal opinion during closing arguments and that trial counsel failed to move for a sudden passion instruction); *see also Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985) ("We are persuaded that the exhaustion doctrine requires that the Texas Court of Criminal Appeals be given an opportunity to review and rule upon the petitioner's claim before he resorts to the federal courts."). Second, and as noted by the Supreme Court in *Rhines*, the "limitations period is tolled during the pendency of a 'properly filed application for State post-conviction or other collateral review.'" *Rhines*, 544 U.S. at 274 (quoting 28 U.S.C. § 2244(d)(2)). "This scheme reinforces the importance of *Lundy's* 'simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court.'" *Id.* at 276-77 (quoting *Rose v. Lundy*, 455 U.S. 509, 520 (1982)).

Petitioner's conviction became final for purposes of federal habeas relief on June 14, 2019, 30 days after the date that the Fourth Court of Appeals affirmed Petitioner's judgment. *Martinez Rivera*, 2019 WL 2110667, at *1; *see also Gonzalez v. Thaler*, 623 F.3d 222, 224 (5th Cir. 2010) (finding that a Texas prisoner's conviction becomes final on "the last date under the Texas Appellate Rules that he could petition for discretionary review of his judgment"); Tex. R. App. P. 68.2(a) (giving defendants 30 days to file a petition for discretionary review following the

---

[3] Petitioner further sets forth in the petition that he does not "have any petition or appeal now pending (filed and not yet decided) in any court, either state or federal, for the judgment [Petitioner is] challenging." (Dkt. No. 5 at 8.) Petitioner also states that the § 2254 petition "contains 'unexhausted claims' pertaining [to] every ground." (*Id.* at 7.)

judgment of the court of appeals). This began the one-year statute of limitations under 28 U.S.C. § 2244(d)(1)(A). *See Jimenez v. Quaterman*, 555 U.S. 113, 121 (2009) (holding that when a state court grants an out-of-time direct appeal per state collateral review, the judgment is final upon the conclusion of "the out-of-time direct appeal, or the expiration of the time for seeking review of that appeal."). Petitioner has now filed a § 2254 petition but has presented this Court with claims that are all unexhausted. Petitioner's situation does not fall within the "Catch-22" or "gotcha scenario" that he describes in his motion to stay as he does not have a mixed petition. (Dkt. No. 1 at 3.) Further, besides his mistaken understanding of the *Rhines* decision and mixed petitions, Petitioner fails to show any good cause for his failure to exhaust his claims before presenting them before the Court.

As noted above, to satisfy the exhaustion requirement, Petitioner's claims must be presented to the highest court of the state for review. *Richardson*, 762 F.2d at 431. An application for a post-conviction writ of habeas corpus, Tex. Crim. Proc. Ann. art. 11.07, can be filed to proceed before the Texas Court of Criminal Appeals. Therefore, to be exhausted Texas Court of Criminal Appeals must be presented with the same facts and the same legal theory upon which Petitioner now bases his claims. Petitioner is reminded that the one-year statute of limitations is tolled during the pendency of a properly filed application for State post-conviction relief. 28 U.S.C. § 2244(d)(2). This leaves Petitioner with approximately seven months of time to apply for State relief and, after such relief is decided upon, refile a federal habeas petition.

The undersigned finds no good cause for filing the premature petition when nothing stands in the way of Petition exhausting his claims with the State. Therefore, Petitioner's motion to stay should be denied and the undersigned finds Petitioner's § 2254 claims are frivolous as Petitioner has failed to exhaust his claims with the State.

Furthermore, Petitioner's application to proceed in forma pauperis and motion to compel should be denied as moot.

## CONCLUSION

### *Recommended Disposition*

After a careful review of the record and relevant law, the undersigned recommends that Petitioner's "Motion for Stay and Abeyance" (Dkt. No. 1) be **DENIED**, that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Dkt. No. 5) be **DISMISSED** without prejudice, and that the Motion to Compel (Dkt. No. 3) and the Application to Proceed In Forma Pauperis (Dkt. No. 4) be **DENIED** as moot.

### *Certificate of Appealability*

It is recommended that the District Court deny a Certificate of Appealability. Petitioner may not appeal the final order of a habeas corpus proceeding "unless the circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). The § 2254 Rules instruct that the District Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." R. Gov. Sec. 2254 Cases 11. Because the undersigned recommends the dismissal of Petitioner's § 2254 action, it is necessary to address whether Petitioner is entitled to a certificate of appealability (COA).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); 28 U.S.C. § 2253(c). In this matter, reasonable jurists would not find it debatable that the court was

incorrect in its procedural ruling for the reasons noted; therefore, it is recommended that the District Court deny a COA.

### *Notice to the Parties*

Within 14 days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to file written objections to the proposed findings and recommendations contained in this report within 14 days after service shall bar an aggrieved party from *de novo* review by the District Court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of plain error or manifest injustice.

The Clerk shall send a copy of this Order to Movant and counsel for Respondent.

**DONE** at McAllen, Texas, this 3rd day of October, 2019.

Juan F. Alanis
United States Magistrate Judge